IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:22-CR-057-H |
| ASHLEY CHERIE VILLEGAS | |

The Grand Jury Charges:

## Introduction

At all times material to this Indictment:

1. JCT, a person known to the grand jury, owned and operated My ER Abilene, LLC (hereinafter "MERA") and West Texas Urgent Care, LLC (hereinafter "WTUC").

2. MERA and WTUC provided medical services to patients in the Abilene Division of the Northern District of Texas and elsewhere.

3. On or about October 5, 2020, **Ashley Cherie Villegas** was hired as Facilities Administrator for MERA and WTUC.

4. MERA maintained a business bank account at Happy State Bank and two business bank accounts at Bank of America, N.A. WTUC maintained a business bank account at Happy State Bank and a business bank account at Bank of America, N.A.

5. On or about November 30, 2020, **Villegas** filed a fraudulent delegation of authority with Happy State Bank and Bank of America, N.A., for the MERA and WTUC business bank accounts. This delegation of authority was done without the knowledge or

consent of JCT. This delegation of authority allowed **Villegas** to sign checks on the MERA and WTUC business bank accounts. It also allowed **Villegas** to electronically transfer funds from the MERA and WTUC business bank accounts.

6. **Villegas** maintained a personal bank account a JPMorgan Chase and Co.

## Purpose of the Scheme and Artifice

7. From on or about October 21, 2020, to on or about January 4, 2022, in the Abilene Division of the Northern District of Texas, and elsewhere, **Villegas** did knowingly devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises. The purpose of **Villegas's** scheme and artifice was to deprive JCT, MERA, WTUC, and others of their money and property.

## The Scheme and Artifice

8. In furtherance of her scheme and artifice to defraud, from on or about October 21, 2020, to on or about January 4, 2022, **Villegas** stole, embezzled, and converted to her own use money, funds, and assets that belonged to JCT, MERA, and WTUC by writing checks from the MERA and WTUC business bank accounts made payable to **Villegas** and deposited into her personal bank account.

9. In furtherance of her scheme and artifice to defraud, from on or about October 21, 2020, to on or about January 4, 2022, **Villegas** stole, embezzled, and converted to her own use money, funds, and assets that belonged to JCT, MERA, and

WTUC by writing checks from the MERA and WTUC business bank accounts to pay for **Villegas's** personal expenses.

10. In furtherance of her scheme and artifice to defraud, from on or about October 21, 2020, to on or about January 4, 2022, **Villegas** stole, embezzled, and converted to her own use money, funds, and assets that belonged to JCT, MERA, and WTUC by fraudulently increasing her salary without the knowledge or consent of JCT.

11. In furtherance of her scheme and artifice to defraud, from on or about October 21, 2020, to on or about January 4, 2022, **Villegas** stole, embezzled, and converted to her own use money, funds, and assets that belonged to JCT, MERA, and WTUC by using an American Express business credit card issued to MERA to pay for **Villegas's** personal expenses.

12. **Villegas's** scheme and artifice employed false representations because **Villegas** purported to spend money from the MERA and WTUC business bank accounts for legitimate business expenses, however, as **Villegas** then and there well knew, she had not spent money from those accounts for legitimate business expenses but, rather, were for her own personal use, benefit, and gain. This false representation had a natural tendency to influence and was capable of influencing the individuals that received payment from **Villegas** because those individuals believed the funds were being expended for a legitimate business purpose.

13. In furtherance of her scheme and artifice to defraud, and for the purpose of executing the scheme and artifice, **Villegas** caused to be transmitted by means of wire

communication in interstate and foreign commerce a writing, sign, signal, picture, and sound to various financial institutions.

14. **Villegas's** scheme and artifice to defraud resulted in a total loss to the victims of approximately $560,725.18.

Counts One-Ten
Wire Fraud
(Violation of 18 U.S.C. § 1343)

15. The grand jury realleges and incorporates the allegations in paragraphs one through fourteen of this indictment as though fully set forth herein.

16. On or about the dates set forth below, in the Abilene Division of the Northern District of Texas, and elsewhere, **Ashley Cherie Villegas**, defendant, having knowingly devised and intending to devise a scheme and artifice to defraud and for the purpose of obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the aforesaid scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, did knowingly and with intent to defraud cause to be transmitted by wire communication in interstate and foreign commerce a writing, sign, signal, picture, and sound as set forth below:

|   | | | | | |
|---|---|---|---|---|---|
| 1 | Dec. 20, 2021 | $5000.00 | MERA, LLC. (BOA **2364) | Ashley Villegas (JPMC **4750) | Electronic Wire Transfer |
| 2 | Dec. 20, 2021 | $5000.00 | WTUC, LLC. (BOA **8248) | Ashley Villegas (JPMC **4750) | Electronic Wire Transfer |
| 3 | Dec. 22, 2021 | $5000.00 | MERA, LLC. (BOA **2364) | Ashley Villegas (JPMC **4750) | Electronic Wire Transfer |
| 4 | Dec. 22, 2021 | $5000.00 | WTUC, LLC. (BOA **8248) | Ashley Villegas (JPMC **4750) | Electronic Wire Transfer |
| 5 | Dec. 23, 2021 | $5000.00 | MERA, LLC. (BOA **2364) | Ashley Villegas (JPMC **4750) | Electronic Wire Transfer |
| 6 | Dec. 23, 2021 | $5000.00 | WTUC, LLC. (BOA **8248) | Ashley Villegas (JPMC **4750) | Electronic Wire Transfer |
| 7 | Dec. 27, 2021 | $5000.00 | MERA, LLC. (BOA **2364) | Ashley Villegas (JPMC **4750) | Electronic Wire Transfer |

| | | | | | |
|---|---|---|---|---|---|
| 8 | Dec. 27, 2021 | $5000.00 | WTUC, LLC. (BOA **8248) | Ashley Villegas (JPMC **4750) | Electronic Wire Transfer |
| 9 | Dec. 31, 2021 | $5000.00 | MERA, LLC. (BOA **2364) | Ashley Villegas (JPMC **4750) | Electronic Wire Transfer |
| 10 | Dec. 31, 2021 | $5000.00 | WTUC, LLC. (BOA **8248) | Ashley Villegas (JPMC **4750) | Electronic Wire Transfer |

Each count being a violation of Title 18, United States Code, Sections 1343 and 2.

## Counts Eleven-Sixteen
## Money Laundering
## (Violation of 18 U.S.C. § 1957)

17. The grand jury realleges and incorporates the allegations in paragraphs one through sixteen of this indictment as though fully set forth herein.

18. On or about the dates set forth below, in the Abilene Division of the Northern District of Texas, and elsewhere, **Ashley Cherie Villegas**, defendant, did knowingly engage, and attempt to engage, in a monetary transaction by, through, and to a financial institution affecting interstate and foreign commerce in criminally derived property of a value greater than $10,000, that is, the deposit, withdrawal, transfer, and exchange of United States currency, funds, and monetary instruments, as set forth below, such property having been derived from a specified unlawful activity, that is, Wire Fraud, in violation of Title 18, United States Code, Section 1343:

|    |              |                                                                      |                                  |             |
|----|--------------|----------------------------------------------------------------------|----------------------------------|-------------|
| 11 | Dec. 9, 2020 | Cashier's check from MERA, LLC (HSB Acct # ****6003)                | Purchase of 2021 Chevrolet Blazer | $31,500.00  |
| 12 | Dec. 9, 2020 | Cashier's check from WTUC, LLC (HSB Acct # ****6157)                | Purchase of 2021 Chevrolet Blazer | $31,500.00  |
| 13 | Jan. 11, 2021 | Electronic Wire Transfer from WTUC, LLC (HSB Acct # ****6157)      | Purchase of GMC Sierra 1500       | $60,419.00  |
| 14 | Mar. 24, 2021 | Electronic Wire Transfer from from MERA, LLC (HSB Acct # ****6003) | Purchase of 2021 GMC Yukon Denali | $51,237.00  |

| 15 | Dec. 3, 2021 | Electronic Wire Transfer from from MERA, LLC (HSB Acct # ****6003) | Purchase of 2021 Cadillac Escalade | $21,685.00 |
| --- | --- | --- | --- | --- |
| 16 | Dec. 3, 2021 | Electronic Wire Transfer from WTUC, LLC (HSB Acct # ****6157) | Purchase of 2021 Cadillac Escalade | $27,685.00 |

Each count in violation of Title 18, United States Codes, Sections 1957 and 2.

**Ashley Cherie Villegas**
**Indictment – Page 8**

Forfeiture Notice
(18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(1))

1. The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), and Title 28, United States Code, Section 2461(c).

2. Upon conviction for any of the offenses alleged in Counts One through Ten, **Ashley Cherie Villegas**, defendant, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the respective offense.

3. Upon conviction for any of the offenses alleged in Counts Eleven through Sixteen, **Ashley Cherie Villegas**, defendant, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the respective offense, and any property traceable to such property.

4. The property to be forfeited includes, but is not limited to, the following:

   a. a 2021 Cadillac Escalade, VIN: 1GYS4GKL8MR436653;
   b. a 2021 Dodge Challenger, VIN: 2C3CDZFJ7MH635423;
   c. a money judgment in the amount of $1,180,000.00 in United States currency.

5. If any property subject to forfeiture as a result of the offense(s) set forth in the Counts listed above;

   a. cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third person;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be subdivided without difficulty;

as a result of any act or omission of **Ashley Cherie Villegas**, defendant, it is the intent of the United States of America, to seek forfeiture of any other property of said Defendant, up to the value of the property listed above as being subject to forfeiture.

A TRUE BILL:

_____
FOREPERSON

CHAD E. MEACHAM
UNITED STATES ATTORNEY

_____
JUANITA FIELDEN
Assistant United States Attorney
Texas State Bar No. 06965600
500 Chestnut Street, Suite 601
Abilene, Texas 79602
Telephone:  325-271-6700
E-mail:     Juanita.Fielden@usdoj.gov

Ashley Cherie Villegas
Indictment – Page 10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

ABILENE DIVISION

THE UNITED STATES OF AMERICA

v.

ASHLEY CHERIE VILLEGAS

INDICTMENT

| | |
|---|---|
| COUNTS 1-10: | WIRE FRAUD<br>Title 18, United States Code, Section 1343. |
| COUNTS 11-16: | MONEY LAUNDERING<br>Title 18, United States Code, Section 1957. |

FORFEITURE NOTICE

(16 COUNTS + FORFEITURE NOTICE)

A true bill rendered:
Lubbock                                                                    Foreperson

Filed in open court this 14th day of September 2022.

_____
                                                                                    Clerk

ARREST WARRANT TO ISSUE

_____
UNITED STATES MAGISTRATE JUDGE